# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 28, 2020

Lyle W. Cayce
Clerk

No. 20-30483
Summary Calendar

UNITED STATES OF AMERICA,

*Plaintiff—Appellee*,

*versus*

JAMAL ABU SAMAK,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:91-CR-189-3

Before HAYNES, WILLETT, and HO, *Circuit Judges*.

PER CURIAM:*

Jamal Abu Samak, federal prisoner # 21826-034, appeals from the denial of his motion for a compassionate release reduction in sentence under 18 U.S.C. § 3582(c)(1)(A) due to his ill health, the COVID-19 pandemic, and his own COVID-19 illness.

---

* Pursuant to 5TH CIRCUIT RULE 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIRCUIT RULE 47.5.4.

No. 20-30483

On the motion of either the Director of the Bureau of Prisons or a prisoner, § 3582(c)(1)(A) permits a sentencing court to reduce the prisoner's term of imprisonment after considering the applicable 18 U.S.C. § 3553(a) factors if, inter alia, the court finds that "extraordinary and compelling reasons warrant such a reduction" and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." § 3582(c)(1)(A); *see also* U.S.S.G. § 1B1.13, p.s. We review for abuse of discretion a district court's decision to deny compassionate release despite a prisoner's eligibility. *United States v. Chambliss*, 948 F.3d 691, 693 (5th Cir. 2020).

In denying Samak's motion, the district court considered the § 3553(a) factors, specifically citing the nature of Samak's offense conduct, the need for the sentence imposed to reflect the seriousness of the offense, the need to protect the public, and the need to afford adequate deterrence to criminal conduct. Samak has failed to show that the district court's decision was based on an error of law or a clearly erroneous assessment of the evidence. *See Chambliss*, 948 F.3d at 693–94. Although, as in *Chambliss*, Samak may disagree with how the district balanced the § 3553(a) factors, his disagreement provides an insufficient ground for reversal. *See id.* at 694.

Because Samak has failed to show that the district court abused its discretion in denying his § 3582(c)(1)(A) motion after weighing the § 3553(a) factors, we affirm the decision of the district court. His motion for compassionate release is therefore denied.